UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LEONARDO CAMPOS MOLINA**            **CIVIL ACTION**

**VERSUS**            **No. 25-1040-BAJ-SDJ**

**US IMMIGRATION AND CUSTOMS ENFORCEMENT; KEVIN JORDAN; PAM BONDI**

---

## ORDER

Before the Court is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Leonardo Campos Molina. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE") and is currently incarcerated at the Louisiana State Penitentiary immigration detention camp ("Angola" or "Camp 57"). Petitioner alleges that his continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and requests immediate release from detention.

For the Court to determine what action to take, if any, on this application,

**IT IS ORDERED** that the Clerk of this Court is requested and directed to serve, by certified mail or other means which provides tracking and delivery confirmation, a copy of: (1) the petitioner's application, (2) all papers filed therewith, and (3) this Order on the United States through the Attorney General; the United States through the U.S. Attorney for the Middle District of Louisiana; DHS/ICE Office of General Counsel; and the Warden of the Angola Camp 57 immigration detention center.

9589071052701607943704- Attorney General
9589071052701607943711- US Attorney Middle District of LA
9589071052701607943728- Warden of Angola Camp 57
 9589071052701607943735 DHS/ICE Office

**IT IS FURTHER ORDERED** that the respondent file a response to the petition together with a memorandum of legal authorities in support of said response within **twenty-one (21) days** of service of this Order. In answer, the respondent shall provide the Court with competent summary judgment evidence indicating whether there is a significant likelihood of removal in the reasonably foreseeable future, or whether Petitioner's detention is otherwise lawful.[1] This evidence shall include information regarding the length of time that he has been in post-removal-order custody, the date on which his removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by immigration officials to obtain travel documents for Petitioner.

Finally, **IT IS ORDERED** that Petitioner will have **thirty (30) days** after respondent files its response in which Petitioner may file a reply brief and any evidence to support his habeas petition. Petitioner may also file a request for discovery or request for more time before the 30 days expire. If Petitioner files nothing within these 30 days, the Court will assume the case record is complete.

After these deadlines have passed and the record is complete, the Court will determine if genuine issues of material fact exist—that is, whether there are disagreements over facts rather than law—and if an evidentiary hearing is necessary. If no hearing is needed, the undersigned will issue a Report and Recommendation without further notice.

---

[1] While relevant to the inquiry as to whether Petitioner's detention is lawful, a post-removal-order period of greater than 90 days but less than 6 months should not be the sole evidence provided. *See, e.g., Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits.")

Signed in Baton Rouge, Louisiana, on November 25, 2025.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**